IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANDREA WOODWARD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 3:10-1060 **LEAD CASE** |
| | ) | Magistrate Judge Bryant |
| v. | ) | Jury Demand |
| | ) | |
| CITY OF GALLATIN, | ) | |
| TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

C O N S O L I D A T E D

| | | |
|---|---|---|
| ANDREA WOODARD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 3:11-0159 |
| | ) | Magistrate Judge Bryant |
| v. | ) | Jury Demand |
| | ) | |
| SGT. CHRIS SHOCKLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

M E M O R A N D U M

I.    Introduction

On May 24, 2011, this civil action was reassigned to the docket of the undersigned for all further proceedings, including entry of final judgment, pursuant to the consent of the parties. (Docket Entry Nos. 28, 36)

Currently pending are motions for judgment on the pleadings by the Defendants in this consolidated case.[1] (Docket Entry Nos. 44, 48) Defendants seek dismissal of the

---

[1] Although Defendants filed separate motions, for clarity within this memorandum, the arguments presented by Defendants in the two motions are combined and addressed together.

1

Plaintiffs' claims against the individually named "Officer Defendants" (Sgt. Chris Shockley, Officer James Perry, Officer Mark Hill, and Officer Kris Ford) on the grounds that Plaintiffs' complaint fails to state a claim against the Officer Defendants for which relief may be granted. For the reasons given below, and by Order entered contemporaneously with this Memorandum, these motions for judgment on the pleadings will be GRANTED.

## II. Procedural History and Facts

This Court has previously summarized the facts and procedural history of this case as follows. (Docket Entry No. 37) In the complaint, Plaintiffs allege that ten (10) John Doe Defendants were individuals acting under color of law in the course and scope of their employment as police officers of the City of Gallatin Police Department. (Docket Entry No. 1-1, Complaint at 3) Plaintiffs allege that on October 27, 2009, the decedent, Jeffery Woodward, died as a result of unnecessary, excessive force when subjected to multiple Taser applications by the police officers. (Docket Entry No. 1-1, Complaint at 4) Plaintiffs filed this action in state court, seeking relief under 42 U.S.C. § 1983 for violations of decedent's constitutional rights by the Defendants: City of Gallatin, Tennessee, Gallatin Police Department, John Does 1-10, and Taser International, Inc. (Docket Entry No. 1-1, Complaint at 1) The case was removed to this Court and is within the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331. (Docket Entry No. 1) On November 24, 2010, Defendant TASER International, Inc., filed its answer to Plaintiffs' complaint. (Docket Entry No. 9) Among its affirmative defenses, TASER alleges that "[t]he liability . . . of decedent, Plaintiffs, or others beyond TASER's

supervision and control directly and proximately caused or contributed to any alleged damages, thereby completely or partially barring recovery." (Id. at 29) TASER specifically alleges "[t]he comparative fault of Decedent/Plaintiffs." (Id. at 30) In its next enumerated defense, TASER avers as follows:

> Any alleged injuries or damages proximately resulted from a superseding or intervening act or event, thereby barring recovery against TASER. TASER had no control over the independent actions of Decedent/Plaintiff. TASER had no control over the actions taken by law enforcement towards Decedent/Plaintiffs.

(Id. at 30-31) Plaintiffs' claims against TASER have since been dismissed by stipulation. (Docket Entry No. 29) Defendant City of Gallatin filed a motion for judgment on the pleadings to dismiss the claims against the ten (10) John Doe Defendants. (Docket Entry No. 17) On May 24, 2011, this Court granted the motion for judgment on the pleadings dismissing the ten (10) John Doe Defendants on statute of limitations grounds. (Docket Entry No. 37)

Before the judgment of dismissal was entered in this action (3:10-CV-1060), Plaintiffs filed a separate suit against the individual Officer Defendants (3:11-CV-00159) on February 22, 2011. Plaintiffs contend that because TASER's answer alleged comparative fault against these Officer Defendants, Plaintiffs are entitled to sue the Officer Defendants in a new suit under T.C.A. § 20-1-119, which allows plaintiffs to add additional defendants after the statute of limitations has run when an original defendant alleges comparative fault against persons who are not already party to the suit.[2] On

---

[2] T.C.A. § 20-1-119 provides in pertinent part:

November 2, 2011, this Court consolidated the two cases under this docket number (3:10-CV-1060). (Docket Entry No. 43)

In the motions for judgment on the pleadings, Defendants allege that Plaintiffs fail to state a claim for which relief may be granted given that this Court already ruled that T.C.A. § 20-1-119 is not applicable in this case. (Docket Entry No. 37 at 7) Specifically, this Court ruled that "[TASER]'s defense that 'others beyond TASER's supervision and control' were liable will not trigger § 20-1-119(a) because the Plaintiffs were already aware that the officers may be liable," given that they had named the ten (10) John Does in their complaint. (Id.) (citing *Whittlesey v. Cole*, 142 F.3d 340, 345 (6th Cir. 1998)). Considering this Court's previous ruling, Defendants assert that general principles of collateral estoppel should preclude Plaintiffs from arguing this issue before this Court again. (Docket Entry No. 49) Defendants further contend that T.C.A. § 20-1-119 should not apply in this case because it determines when a Plaintiff's right to file a claim after

---

(a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:
    (1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or
    (2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).
(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an action against a person when such an action is barred by an applicable statute of repose.

TENN. CODE ANN. § 20-1-119.

4

the statute of limitations has run accrues, and federal law, not state law, governs claim accrual under 42 U.S.C. § 1983. (Docket Entry No. 49) Moreover, Defendants raise arguments that T.C.A. § 20-1-119 should not apply in this case by its own terms. (Docket Entry No. 45) First, Defendants argue that Plaintiffs cannot use T.C.A. § 20-1-119 because TASER's answer does not specifically allege the comparative fault of the individual Officer Defendants. (Docket Entry No. 45) Second, Defendants contend that T.C.A. § 20-1-119 should not apply because the Officer Defendants were already parties in this suit as John Does 1-10. (Docket Entry No. 45) Finally, Defendants acknowledge a split in Tennessee case law as to whether Plaintiffs can use T.C.A. § 20-1-119 if they knew the alleged comparative tortfeasors were potentially at fault when they first filed the lawsuit. However, Defendants assert that this split is irrelevant because the comparative tortfeasors in TASER's answer were already defendants to the suit as John Does 1-10. (Docket Entry No. 45)

In response, Plaintiffs argue that collateral estoppel applies only to subsequent suits following final judgments and thus should not preclude Plaintiffs from arguing this issue before the Court again. (Docket Entry No. 52) Plaintiffs agree with Defendants that accrual is governed by federal law, but assert that the question of when the statute of limitations acts to bar an action is determined by state law. (Docket Entry No. 52) Moreover, Plaintiffs contend that T.C.A. § 20-1-119 should apply on its terms because TASER's answer satisfies Tennessee state law, which only requires a clear implication of comparative fault, not a specific allegation, and because only John Does 1-10, not the individual Officer Defendants, were party to the original suit. (Docket Entry No. 46)

5

Plaintiffs further argue that the split in Tennessee case law has been settled and that Plaintiffs' knowledge of the Officer Defendants' potential fault and subsequent failure to include the Officer Defendants in the original suit is irrelevant and does not prevent Plaintiffs from using T.C.A. § 20-1-119 to sue Officer Defendants at this time. (Docket Entry No. 46) Finally, Plaintiffs request that this Court certify any question regarding the application of T.C.A. § 20-1-119 in this case to the Tennessee Supreme Court pursuant to Tenn. Sup. Ct. R. 23. (Docket Entry No. 46) Defendants responded to Plaintiffs' request for certification by contending that certification is not appropriate because there is no question of law for which there is a lack of controlling precedent. (Docket Entry No. 51)

### III. Legal Discussion

The applicable standard of review for a motion for judgment on the pleadings made pursuant to Rule 12(c) is that for a motion to dismiss for failure to state a claim upon which relief can be granted made pursuant to Rule 12(b)(6). *EEOC v. J.H. Routh Packaging Co.*, 246 F.3d 850, 851 (6th Cir. 2001); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Consideration of a motion to dismiss requires the Court to accept the complaint's well-pleaded factual allegations as true and to construe the complaint in the light most favorable to the Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Perry v. Am. Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003).

The first issue before the Court is whether Plaintiffs' use of T.C.A. § 20-1-119 is precluded by this Court's prior ruling. In *Montana v. U.S.*, 440 U.S. 147, 153 (1979), the Supreme Court reasoned that the doctrine of collateral estoppel precludes parties from litigating a previously decided issue in a subsequent suit based on a different cause of

action (citing *Parklane Hoisery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979)), while the doctrine of res judicata precludes parties from asserting additional claims based on the same cause of action once a final judgment on the merits has been decided (citing *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1877)). Defendants contend that this Court has already denied Plaintiffs the ability to use T.C.A. § 20-1-119 and therefore that Plaintiffs' use of T.C.A. § 20-1-119 should be barred by principles of issue preclusion. (Docket Entry No. 49 at pp. 4-7) However, Plaintiffs' suit pursuant to T.C.A. § 20-1-119 is based on the same cause of action underlying this Court's earlier decision and a final judgment on the merits was not made. (Docket Entry No. 37) This Court finds that the issue of whether T.C.A. § 20-1-119 is applicable in this case is not barred by considerations of claim or issue preclusion.

However, this is not the end of the matter. On a similar motion in a procedurally analogous case, the district court in *Baker v. Snyder*, No. 1:05-CV-152, 2006 U.S. Dist. LEXIS 65872, at *8-9 (E.D. Tenn. Sept. 14, 2006), found as follows:

> [*R*]*es judicata* offers no support for Defendants' position. However, the principle underlying Defendants' motion is still present, i.e., the goal of finality in litigation. Rather than that goal being furthered by relying upon a prior final judgment it is furthered in this case by reliance upon an earlier decision in the same case. The legal theory that encompasses this goal is the doctrine of the law of the case. In some respects it bears some similarity to *res judicata*. The doctrine "is similar [to issue preclusion or collateral estoppel] in that it limits relitigation of an issue once it has been decided, but the law of the case doctrine is concerned with the extent to which the law applied in decisions at various stages of the same litigation becomes the governing principle in later stages." *Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir. 2005). The law of the case doctrine "generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." *Id.* (citing *United States v. Graham*, 327 F.3d 460, 464 (6th Cir. 2003)).

The law of the case doctrine is, however, discretionary when applied to a court's own prior ruling, and may plainly be avoided when a court is persuaded that its prior ruling was erroneous. *Bowles v. Russell*, 432 F.3d 668, 677 (6th Cir. 2005), *aff'd*, 551 U.S. 205 (2007). In this case, the Court, following the rule of *Whittlesey v. Cole*, found in its prior order on Defendant City of Gallatin's first motion for judgment on the pleadings (Docket Entry No. 37) that § 20-1-119 did not apply because Plaintiffs here already knew of the potential liability of law enforcement officers at the time that TASER's answer identified them as parties over whom TASER had no control. (Id. at 7.) However, this issue was not central to the decision on that prior motion, and neither party cited in their papers more recent authority from the courts of the state of Tennessee that conflicted with the Sixth Circuit's interpretation of § 20-1-119 in *Whittlesey*. Indeed, *Whittlesey*'s interpretation has been rejected either explicitly or implicitly in most state court decisions to address the issue of prior knowledge of potential comparative tortfeasors. *See Townes v. Sunbeam Oster Co., Inc.*, 50 S.W.3d 446, 452-53 (Tenn. Ct. App. 2001); *see also McClendon v. Bunick*, No. E1999-02814-COA-R3-CV, 2001 WL 1660845, at *1 (Tenn. Ct. App. Dec. 28, 2001) (adopting the interpretation of § 20-1-119 given in *Townes*, and reversing the court's own prior opinion rejecting *Townes*, which at the time was unpublished and thus nonbinding, after the Tennessee Supreme Court remanded the matter for reconsideration following its decision to order publication of the recent *Townes* opinion); *see also Austin v. State*, 222 S.W.3d 354, 357 (Tenn. 2007) (citing *Townes* with approval); *see also Lipscomb v. Doe*, 32 S.W.3d 840, 851-52 (Tenn. 2000) (HOLDER, J., dissenting). *But see Lipscomb v. Doe*, No. 02A01-9711-CV-00293, 1998 WL 886601, at

8

*3-4 (Tenn. Ct. App. Dec. 16, 1998) (adopting *Whittlesey*'s interpretation), *rev'd on other grounds*, 32 S.W.3d 840 (Tenn. 2000). Although the Tennessee Supreme Court has not spoken explicitly on the issue, its approval on more than one occasion of *Townes*, as well as Justice Holder's explicit opinion in dissent in *Lipscomb*, reveal that the controlling law in Tennessee regarding § 20-1-119's application when plaintiffs know of potential tortfeasors prior to their identification in a current defendant's answer or amended answer runs contra to the Sixth Circuit's ruling in *Whittlesey*.

Accordingly, there exists good reason for not treating this Court's prior ruling as the law of the case. The application of § 20-1-119 will not be defeated because Plaintiffs knew, prior to the filing of TASER's answer, that unnamed law enforcement officers would likely be subject to liability in this case.

Next, the Court must determine whether state law or federal law controls the application of T.C.A. § 20-1-119 in this case. Defendants argue that federal law, not state law, should govern the application of T.C.A. § 20-1-119 in this case because the accrual of a 42 U.S.C. § 1983 claim is a federal issue and the state statute at hand determines when Plaintiffs' right to file beyond the statute of limitations accrues. (Docket Entry No. 49 at pp. 7-9) This Court rejects Defendants' argument that T.C.A. § 20-1-119 speaks to the accrual of Plaintiffs' cause of action. There is no state or federal precedent for such a construction. Defendants base their argument on *Wallace v. Kato*, 549 U.S. 384, 388 (2007), which states that that the "accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." However, *Wallace* also specifically notes that for § 1983 claims, "federal law looks to the law of the State in

9

which the cause of action arose . . . for the length of the statute of limitations." *Id.* at 387. As this Court has noted before, Tennessee law provides for a one-year statute of limitations for civil actions brought under federal civil rights statutes. Tenn. Code Ann. § 28-3-104(a)(3); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *see also Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *see also Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Cumulative to this limitations period, "[c]ourts have characterized the ninety-day period [provided in § 20-1-119] . . . as a 'window,' as a 'saving [ ] statute,' as a 'tolling [ ] statute,' as an 'extension,' as a 'suspension,' and as a 'grace period.'" *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 369-70 (Tenn. 2012). Nowhere has it been characterized as marking accrual of a new right to sue. Neither party disputes that the accrual date for Plaintiffs' § 1983 cause of action is October 27, 2009. (Docket Entry No. 52 at p. 5) T.C.A. § 20-1-119 has no effect on the accrual date.

In *Coleman v. Department of Rehabilitation and Corrections*, 46 Fed.Appx. 765 (6th Cir. Aug. 28, 2002), the Sixth Circuit addressed a similar case where the plaintiff sought to use a state savings statute in a § 1983 action in federal court. After reiterating that state law determines the statute of limitations for § 1983 claims in federal court, the Sixth Circuit elaborated on the role of state law in such claims, explaining that when a state's statute of limitations is adopted, that state's procedural rules affecting the statute of limitations are used as well. *Id.* at 769 (citing *West v. Conrail*, 481 U.S. 35, 39-40 n. 6 (1987)). Further, the federal court applying a state's statute of limitations is also bound by relevant decisions of the state's highest court. *Id.* When the state's highest court has not

spoken on the issue at hand, the federal court should consider decisions of intermediate state appellate courts, unless there is reason to suggest the state's highest court would decide contrary to the appellate courts. *Id.* at 770 (quoting *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1989)). Given that this is not an issue of accrual governed by federal law, this Court is bound to consider T.C.A. § 20-1-119 and the state court decisions interpreting it, in conjunction with the state-supplied statute of limitations, in determining the timeliness of Plaintiff's civil rights suit against the individual defendants here. *See id.* at 769. Moreover, this Court finds that certification to the Tennessee Supreme Court is unnecessary in this case because there is no unresolved question of law pertaining to the applicability of T.C.A. § 20-1-119. Tenn. Sup. Ct. R. 23, § 1.

Under T.C.A. § 20-1-119, two conditions must be met before Plaintiffs can file suit under this savings clause: (1) an original defendant must allege the comparative fault (2) of persons not already party to the suit against whom the statute of limitations has run. Tenn. Code Ann. § 20-1-119(a). Defendants argue that the individual Officer Defendants were already party to this suit as the original John Does 1-10. (Docket Entry No. 45 at pp. 6-8) The Sixth Circuit, however, has consistently recognized John Does as separate parties from subsequently charged parties intended to replace the John Does. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties."); *see also Bufalino v. Michigan Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968) (reasoning that parties added later to replace John Does cannot be considered parties to the original

11

suit). Moreover, in *Mann v. Alpha Tau Omega Fraternity*, No. W2010-02316-SC-R11-CV, 2012 WL 2553534, at *9 (Tenn. 2012), the Tennessee Supreme Court held that once a defendant is dismissed from a case on a final or interlocutory order, that defendant is considered a "person not a party to the suit" for the purposes of T.C.A. § 20-1-119. Thus, Defendant's argument that T.C.A. § 20-1-119 should not apply because the Officer Defendants were already parties to the suit as John Does 1-10 fails under both federal and state law.

The final issue to consider is whether TASER's answer properly alleged comparative fault against the Officer Defendants for the purposes of T.C.A. § 20-1-119. Defendants contend that TASER's answer fails to allege comparative fault because the individual officers were not named in the answer and because the term "comparative fault" was never used. (Docket Entry No. 45 at pp. 5-6) The facts of *Austin v. State*, 222 S.W.3d 354, 356 (Tenn. 2007) are comparable to those presented here – in answer to the plaintiff's allegation that the defendant, a local county, failed to properly maintain a part of the road, the defendant simply pointed out that the state, not the county, maintained the road. While the state argued that T.C.A. § 20-1-119 requires an explicit allegation of comparative fault, the Supreme Court of Tennessee held that T.C.A. § 20-1-119 is satisfied when an original defendant's answer gives the plaintiff notice of "the identity of a potential nonparty tortfeasor and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury." *Id.* at 358.

Here, TASER, like the defendant in *Austin*, did not explicitly allege the individual officers' comparative fault or specifically identify the individual officers as comparative

12

tortfeasors. The Tennessee Supreme Court in *Austin* held that the absence of the term "comparative fault" in the defendant's answer is not dispositive, so long as the alleged facts "reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury." *Id.* The court also held, however, that the potential nonparty tortfeasor must be identified in the answer. *Id.* In *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785, 788 (Tenn. 2000), the Tennessee Supreme Court stated that T.C.A. § 20-1-119 requires that the potential nonparty tortfeasor be "identified sufficiently to allow the plaintiff to plead and serve process on such person." In the present case, however, TASER did not identify the individual officers. Rather, TASER simply asserted that it had no control over actions taken by law enforcement (Docket Entry No. 9 at pp. 30-31). *Cf. Whittlesey*, 142 F.3d at 345 n. 5 (noting "substantial question" as to applicability of § 20-1-119 where defendant's answer alleged merely that third party was not an employee of defendant). This is distinguishable from *Austin* where the defendant specifically identified the state as a potential nonparty tortfeasor. 222 S.W.3d at 358. While the state's identification in *Austin* provided enough information that the plaintiff could subsequently serve the state, TASER's general identification of "law enforcement" in its answer was too vague to indicate any specific individuals or enable Plaintiffs to serve anyone without additional information. *See Brown*, 12 S.W.3d at 788.

Further, this Court has previously noted that the Sixth Circuit and the Tennessee Court of Appeals both prohibit the use of T.C.A. § 20-1-119 when the potential nonparty tortfeasor is identified through a means other than an original defendant's answer. *Crawford v. U.S. Foodservice, Inc.*, No. 3:10-0030, 2010 WL 2901740, at *4 (M.D.

13

Tenn. July 23, 2010) (citing *Schultz v. Davis*, 495 F.3d 289, 294 (6th Cir. 2007) (citing *Grindstaff v. Bowman*, 2008 WL 2219274, at *4 (Tenn.Ct.App. May 29, 2008)). Section 20-1-119 will only operate to lift the limitations bar when the pleading of comparative fault identifies the tortfeasors sufficiently to enable service of process upon them. *See id.* In this case, Plaintiffs could not have identified the individual Officer Defendants from TASER's answer because the answer only referred generally to law enforcement officers. (Docket Entry No. 9 at pp. 30-31) Indeed, Plaintiffs acknowledge that they learned the identities of the individual Officer Defendants in January and February of 2011, a full three months after TASER filed its answer. (Docket Entry No. 30, at pp. 8-9)

In sum, this Court finds that T.C.A. § 20-1-119 is not applicable in the case against the Officer Defendants because the Officer Defendants were not identified in TASER's answer alleging comparative fault in keeping with Tennessee state law.

IV. Conclusion

For the reasons given in this Memorandum, the motions for judgment on the pleadings dismissing the individually named Officer Defendants (Sgt. Chris Shockley, Officer James Perry, Officer Mark Hill, and Officer Kris Ford) will be GRANTED.

An appropriate Order will enter.

ENTERED this 30th day of July, 2012.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE
